# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America<br>v.<br>**LUIS MARTINEZ MARRERO**<br>*Defendant* | Case No. 24-mj-5172 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about July 20, 2024, in the Western District of New York, the defendant **LUIS MARTINEZ MARRERO** did knowingly possess a machinegun, to wit: a machinegun conversion device used to modify a semi-automatic firearm to fire as fully automatic weapon, enabling said firearm to automatically shoot more than one shot without manual reloading, by a single function of the trigger, all in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

This Criminal Complaint is based on these facts:
☒ Continued on the attached sheet.

**TIMOTHY FUDELLA**
Digitally signed by TIMOTHY FUDELLA
Date: 2024.08.26 11:30:48 -04'00'

*Complainant's signature*

TIMOTHY L. FUDELLA
SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
*Printed name and title*

Oath administered, and contents and signatures attested to me as true and accurate telephonically pursuant to Fed. R. Crim. P. 4.1.

Date: August 26, 2024

*Judge's signature*

City and State: Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE      )   SS:
CITY OF BUFFALO    )

I, **TIMOTHY L. FUDELLA**, being duly sworn, deposes and states:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1), *et seq.* and Title 21, United States Code, Section 801. I further state that I am the kind of Special Agent as delineated in Title 18, United States Code, Section 3051.

2. I have been an ATF Special Agent since September of 2015. I am assigned to the Buffalo Field Office, New York Field Division. I am a graduate of the ATF National Academy and the Criminal Investigator School located at the Federal Law Enforcement Training Center in Glynco, Georgia. My primary duties as an ATF Special Agent include investigating violations of federal firearms laws including illegal firearm trafficking, unlawful possession of firearms, and the possession of firearms during the commission of drug trafficking crimes and crimes of violence. Additionally, prior to becoming an ATF Agent, I was employed by United States Customs and Border Protection as a United States Customs and Border Protection Officer for approximately six years.

3.  During my time as an ATF Special Agent, I have participated in investigations and the execution of search warrants and arrest warrants where illegally purchased/trafficked firearms, narcotics, electronic scales, packaging materials, cutting agents, books/ledgers indicating sales, receipts, computers, cellular telephones, and other items used to facilitate firearms and narcotics trafficking were seized. I have personally conducted and/or assisted in investigations of criminal acts involving violations relating to armed individuals that were involved in the distribution of controlled substances, including heroin, cocaine, cocaine base and other substances, in violation of federal drug laws, including Title 21, United States Code, Sections 841 and 846, and Title 18, United States Code, Sections 922 and 924. Additionally, I have also participated in interviews and debriefings of individuals involved in firearms and narcotics trafficking. I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the illegal trafficking of firearms and illegal drugs.

4.  This affidavit is being submitted for a limited purpose, that is, a probable cause determination, therefore I have not presented all of the facts of this investigation to date. I have set forth only the information I believe to be necessary to establish probable cause. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this manner.

5.  This affidavit is made in support of a Criminal Complaint charging **LUIS MARTINEZ MARRERO** with a violation of Title 18, United States Code, Section 922(o) (possession of a machine gun).

## PROBABLE CAUSE

6.   On July 20, 2024, Buffalo Police Department (BPD) Officers observed a Toyota Corolla bearing New York registration KJT7229 being operated by MARTINEZ MARRERO. The vehicle's registration was suspended, and, accordingly, officers conducted a traffic stop near 389 Filmore Ave, Buffalo, New York. As officers approached the vehicle they observed two open alcohol containers near the occupants of the vehicle: MARTINEZ MARRERO and a female passenger, Azmin Velazquez. MARTINEZ MARRERO and Velazquez were then removed from the vehicle.

7.   During an inventory search of the vehicle, a black bag was located under the driver's seat, within the bag officers located thirty (30) .40 caliber rounds of ammunition. An additional black bag was found wedged between the center console and front passenger's seat. Within this bag a was a 9mm Polymer 80 model PF940C Privately Made Firearm (PMF), commonly referred to as a "Ghost Gun," loaded with nine (9) rounds of 9mm ammunition. Two additional magazines were located within the bag containing the handgun, one high-capacity magazine loaded with twenty-five (25) rounds of 9mm ammunition, and another magazine loaded with ten (10) rounds of 9mm ammunition. Further inspection of the handgun revealed that the firearm was equipped with a machine gun conversion device (MCD).

8.   ATF considers MCDs as post-May 19, 1986, machineguns. Therefore, apart from official military and law enforcement use, MCDs may only be lawfully possessed by properly licensed Federal Firearms Licensees (FFLs) who have paid the appropriate Special Occupational Tax (SOT) required of individuals manufacturing, importing, or dealing in National Firearms Act (NFA) weapons.

9. I am aware of MCDs similar to the device attached to the firearm recovered in this case. I am aware such devices have been designed and created for the sole purpose of converting semi-automatic firearms into fully automatic machineguns. These devices vary by design and appearance but all, when properly installed on a semi-automatic firearm, will allow the firearm to expel more than one projectile by a single pull of the trigger, at approximately 1,200 rounds per minute. Installation of these conversion devices is fast and simple, requires no technical expertise, and with respect to a handgun, is completed by removing the polymer slide cover plate and replacing it with the MCD. I also know that MCDs are referred to by different names, including but not limited to: "switches," "Glock switches," "auto sears," "convertors," "conversion switches," "selector switches," "conversion devices," and "Fire Selector Systems for Glock" (FSSGs).

10. MARTINEZ MARRERO was subsequently provided Miranda warnings to which he acknowledged. MARTINEZ MARRERO declined to speak with law enforcement. Velazquez was also provided Miranda warnings to which she acknowledged. Velazquez waived her rights and agreed to speak with investigators. In sum and substance, she stated MARTINEZ MARRERO was driving her to a tire shop on the day in question and that she had no knowledge that the firearm was in the vehicle and did not know what was inside either bag that was found in the vehicle.

11. The firearm recovered during the traffic stop was submitted to the Erie County Central Police Services Laboratory for analysis. On July 24, 2024, Firearms Examiner Abigale Thompson issued a report detailing the results/opinions/interpretations of the handgun seized during this investigation. Examiner Thompson determined "The pistol, Item 1, is operable in

a fully automatic mode. It was received with an automatic sear device installed on its slide. The pistol was test fired using submitted ammunition followed by ammunition of laboratory supply." Based on Examiner Thompson's findings that the firearm functioned in a "fully automatic mode," the firearm meets the definition of a machine gun.

12. Your Affiant requested a records check from the ATF NFA Branch to determine if MARTINEZ MARRERO has or had any NFA weapons registered with the ATF. No record of MARTINEZ MARRERO exists as ever having registered any NFA weapons.

13. Based on the above information, Your Affiant submits that there is probable cause to believe that on or about July 20, 2024, in the Western District of New York, LUIS MARTINEZ MARRERO, violated Title 18 United States Code, Section 922(o) (possession of a machine gun). Accordingly, Your Affiant requests that a Criminal Complaint and Arrest Warrant as aforesaid be issued, and that this Complaint and Affidavit be sealed based on a continuing investigation and further Order of this Court.

TIMOTHY FUDELLA
Digitally signed by TIMOTHY FUDELLA
Date: 2024.08.26 11:31:14 -04'00'

TIMOTHY L. FUDELLA
Special Agent
Bureau of Alcohol, Tobacco, Firearms, Explosives

Subscribed and sworn to before me telephonically this 26th day of August, 2024.

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

5